John D. Bennett, S.
In this accounting proceeding the court has held a hearing with regard to the alleged negligence of the executor in failing to institute discovery proceedings against certain individuals. A motion to dismiss the objection was made at the close of the objeetants’ case.
The proof shows that the decedent had a safe in his home; that the executor was appointed in August of 1963 and that at that time was in possession of a key to this safe; that it was not until December of 1963 that he approached Mr. and Mrs. Tsakitjidis, the individuals who were living in the residence formerly occupied by the decedent, and that at that time they told the executor that the safe was empty and had been thrown out.
*783 The objectants did not prove the existence of any funds in the safe except to show that the decedent six months before his death had in his possession approximately $6,000 in cash. The only cash reported by the executor is the sum of $3. The objectants also showed that Mr. and Mrs. Tsaldtjidis had sent the sum of $1,000 to persons in Greece in an apparent attempt to connect this sum of money with that allegedly in the safe. A decision on motions to strike the testimony regarding the $6,000 and the $1,000 was reserved by the court.
Warren’s Heaton on Surrogates’ Courts (Yol. 3, § 232, par. 1 [b]) states that it is the representative’s “duty to search for, take into his possession and preserve the personal assets of the decedent. He is not required to do impossible things. If he knows of the existence of property it is his duty to take every step necessary to obtain possession of it. This is so even though his knowledge is not complete. If he has reason to believe that property exists, he must make all necessary investigations to ascertain the facts and to obtain possession of the property. * * * Where he fails to do this he may find himself surcharged with the value of property that could have been obtained. And this rule applies to property of every kind. While he may not be held liable for the loss of property of which he had no knowledge, he may be held liable for negligence in failing to make a proper search to ascertain its existence or in failing to obtain its possession.”
However, “ (i)n such a situation the law is entirely clear that ‘the burden of establishing assets of the estate in addition to those accounted for, is upon the contestants.’ * * * The matter must ‘not be left to mere conjecture and suspicion.’ * # * ‘ An executor cannot be charged with property simply upon surmise or evidence so vague as to put the court to a mere guess.’ ” (Matter of McCafferty, 147 Misc. 179, 199-200.)
Here the executor has stated that he has inquired of Mr. and Mrs. Tsaldtjidis as to the existence of other assets of the estate and that the response was in the negative. While some of the facts may have aroused suspicion, no concrete evidence of the existence of any unaccounted assets has been shown by the objectants. Accordingly the objection with regard to the failure of the executor to commence a discovery proceeding or report other assets is dismissed. Since the objection has been dismissed, a decision on the motions to strike the testimony is academic.
The objectants, Mr. and Mrs. Tsaldtjidis, concede that they are obligated to pay rental on the premises owned by the estate and occupied by them from the date of the admission of the will to probate. They apparently do not object to the reasonable *784 rental value of $150 per month hut state that they should be charged with only one half thereof since they are entitled to one half of the residuary estate. There is no authority for such a contention and the full amount of the rent should be paid. Objection 6 is accordingly dismissed.
Objection 2 is sustained. In the absence of agreement the mere relationship of landlord and tenant does not give rise to an obligation on the part of the tenant to pay real estate taxes (People ex rel. Int. Nav. Co. v. Barker, 153 N. Y. 98).
The executor seeks to charge Mr. and Mrs. Tsakitjidis with the sum of $82.40, representing costs incurred by him in the eviction proceeding against them. It does not appear that the amount of these costs was part of any judgment secured against them. In the absence of some evidence that these expenses should equitably be charged only against Mr. and Mrs. Tsakitjidis, the amount will be allowed as a general expense of the estate.
All other objections by the contestants have either been disposed of by this decision or withdrawn except those relating to the amount requested as counsel fees.
As appears from the account, the estate consists primarily of the proceeds of sale of certain real property amounting to $21,500. The attorney-executor requests a fee of $1,839.24 for services rendered by him unrelated to the contested probate. Mr. Fiske, retained by the attorney-executor to represent him in the contested probate, requests a fee of $2,500.
The services performed by the attorney-executor included those attendant upon a normal administration of an estate, and in addition a dispossess proceeding, the sale of the estate real property, and a contested accounting. In light of the services rendered, the sum of $1,839.24 is not unreasonable. The attorney-executor’s fee is fixed in the amount requested.
The fee of Lester Fiske, Esq., for services rendered in the contested probate proceeding is fixed in the amount of $1,200, together with disbursements of $395.